NORTHWEST DIESEL REPAIR, INC., a corporation, Plaintiff,

v.

The OIL SCREW "WEST I", Official No. 288164, her engines, tackle, apparel, furniture and equipment, and Fish West, a limited partnership consisting of Spencer & Hughes Co., Ltd., and Land West Productions, Inc., as general partners; and Walter Spencer, Robert Hughes, Martin B. Dalton, Jerry W. Freels, Larry L. Freels, Joseph Filice, Michael J. Coons, James Silva, Richard D. Koss, Ship to Shore Investments, Perry M. DiLoreto, Thomas DiLoreto, Lois Peters, Alan Tresser, Karen Tresser and Norman Tresser, as limited partners, and Larry L. Freels, Defendants.

No. C80–991B.

United States District Court, W. D. Washington.

Nov. 6, 1980.

**232**

Milton C. Smith of Carney, Stephenson, Siqueland, Badley, Smith & Mueller, Seattle, Wash., for plaintiff.

Charles M. Davis of Harrison, Davis & Calmes, Seattle, Wash., for defendants.

## ORDER

BEEKS, Senior District Judge.

Plaintiff brought this action seeking to foreclose a maritime lien against the vessel WEST I, owned by defendant Fish West, alleging that defendant failed to fully pay for work done by plaintiff on the vessel to convert her from an oil drilling vessel into a fishing and fish processing vessel. Defendant has counterclaimed for failure of plaintiff to perform the conversion in a workmanlike manner and for negligence which may have resulted in the failure of certain refrigeration equipment that was installed by a third party.

Although this action was filed a mere two months ago, there are now pending before this court a total of six motions three each by plaintiff and defendant. Plaintiff has moved for the following:

(1) To amend its complaint;

(2) For summary judgment; and

(3) For dismissal of defendant's counterclaim. Defendant's motions are:

(4) For dismissal of named defendants who are the limited partners in defendant Fish West, a limited partnership;

(5) For partial summary judgment of plaintiff's claim for attorney's fees; and

(6) For security on its counterclaim and a stay of proceedings until such security is forthcoming.

Plaintiff's motion to amend its complaint is unopposed and is granted. So also is defendant's unopposed motion for dismissal of the various named defendants who are only limited partners in Fish West.

■ Absent a statute or contract, litigants are to pay their own attorney's fees. *Alyeska v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). No allegation of statutory or contractual authorization for such fees is present here, and, thus, defendant's motion for summary judgment on the issue of attorney's fees is granted.

■ On the showing defendant has made of the need for security on its counterclaim, the motion for security and stay is denied.

Most of the information necessary for the summary judgment determination can be ascertained by discovery, a process noticeably absent here. Accordingly, plaintiff's motions for summary judgment and for dismissal of defendant's counterclaim are denied without prejudice to renewal upon completion of full discovery which should materially assist the court in determining whether any genuine and material factual issues exist.